■ In the Matter of DEBRA R., Appellant, v COMMISSIONER OF SOCIAL SERVICES OF NEW YORK CITY, Respondent. [597 NYS2d 76] —Order, Family Court, New York County (Mary E. Bednar, J.), entered October 21, 1992, which denied petitioner's application for a writ of habeas corpus compelling respondent

to return the subject child to her, unanimously affirmed, without costs.

Pursuant to Social Services Law § 384-a, petitioner voluntarily placed her child in foster care by a written instrument providing that she complete a parenting skills program and a drug rehabilitation program and requiring her to give written notice to the foster care agency for return of the child. Family Court denied petitioner's application seeking return of the child on the ground that her oral request to the agency for return of the child was ineffective. We agree. First, the agreement specifically provided for written notice. Second, the agreement was not for an indefinite period, as petitioner contends, since it contemplated return of the child upon petitioner's completion of drug and parenting counseling (Social Services Law § 384-a [2] [a]). Third, even if the agreement were to be construed as indefinite, we read the statute to mean that written notice is required in that instance too *(see, Matter of Star Leslie W.,* 63 NY2d 136, 146).

We also conclude that the petition was dismissible on the merits inasmuch as petitioner offered no evidence as to compliance with two conditions precedent to return of the child provided in the foster care placement agreement. Concur— Sullivan, J. P., Carro, Wallach, Kupferman and Nardelli, JJ.