In the Matter of JEREMY C. and Another, Infants. KATH-ERINE D., Appellant; CAYUGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [788 NYS2d 527]—

Appeal from an order of the Family Court, Cayuga County (Peter E. Corning, J.), entered July 31, 2003 in a proceeding pursuant to section 392 of the Social Services Law. The order continued placement of the children in foster care for a period of 12 months and directed respondent to file a petition to terminate parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: After voluntarily placing her two children in the care and custody of respondent, petitioner filed a petition seeking the return of the children pursuant to Social Services Law § 384-a (2) (a). Respondent cross-petitioned for a review and an extension of foster care placement pursuant to Social Services Law § 392. Petitioner appeals from an order dismissing her petition and granting the cross petition, thereby extending foster care placement for the children.

We reject the contention of petitioner that the voluntary placement agreements (agreements) signed by her were by their terms indefinite in duration inasmuch as they failed to specify

an identifiable event upon the occurrence of which the children would be returned to her. We thus reject the contention of petitioner that, because she requested the return of her children and respondent did not obtain a court order precluding such return within 20 days of such request (*see* Social Services Law § 384-a [2] [a]), petitioner was entitled to the immediate return of her children. Although there is conflicting language in the agreements, each nevertheless provides "that the child is to be returned by the authorized agency on a date certain or upon the occurrence of an identifiable event" (§ 384-a [2] [a]). Thus, respondent was under an obligation to return the children on the date certain or upon the occurrence of the event identified therein "unless and [for] so long as [petitioner was] unavailable or incapacitated to receive" the children (*id.*; *see People ex rel. Anne N. v Nassau County Dept. of Social Servs.*, 152 AD2d 30, 35 [1989]). We reject petitioner's alternative contention that, even if the agreements require the return of the children upon the occurrence of an identifiable event, the children nonetheless should be returned to petitioner inasmuch as that identifiable event has occurred (*see Matter of Debra R. v Commissioner of Social Servs. of N.Y. City*, 193 AD2d 413, 414 [1993], *lv denied* 82 NY2d 656 [1993]). Contrary to the requirements of the agreements, petitioner's "mental health professionals" have determined that petitioner is not "stable and capable of caring for" the children, as established by the testimony of such professionals at the hearing conducted by Family Court. Present—Pine, J.P., Scudder, Kehoe, Smith and Lawton, JJ.